CHIEF JUSTICE TURNAGE
dissenting:
I respectfully dissent from the majority opinion.
During the day of July 25, 1991, appellant Darren James Brown, his brother Jeff Wayne Brown, and Gerald Mullaney traveled in a 1989 Jeep pickup from Butte, Silver Bow County, Montana, into Jefferson County, apparently to go fishing. During the day they all did some serious drinking.
During the early evening hours of that day, this trio stopped at the Two Bit Saloon in Whitehall, Montana, owned and operated by J. R. Stanley, who was then tending bar. The bar was occupied by at least three other patrons. The trio soon started a disturbance resulting in Stanley ordering them to leave.
Upon leaving, appellant Darren James Brown got behind the driver’s wheel of the Jeep pickup, Mullaney was seated in the middle, and Jeff Wayne Brown was seated on the right passenger side. Appellant backed the pickup away from the parking position, rapidly accelerating backwards. He then drove the pickup slowly forward past the side door of the Two Bit Saloon, during which time his brother Jeff Wayne Brown leaned out of the passenger door window, holding a .357 magnum pistol in two hands, and fired approximately five rounds at and into the open door of the saloon.
At this point, appellant Darren James Brown accelerated and drove the pickup truck at an excessive rate of speed, estimated by a highway patrol officer at 62.5 miles per hour, and by other witnesses at 70 to 80 miles per hour, to a point approximately four-tenths of a mile from the Two Bit Saloon. There, he crossed over the centerline of the road into the lane of on-coming traffic and beyond that to the pedestrian walkway, where he struck Mona Ness and Theresa Wilkinson, who were walking along the west side of Whitehall Street. Mona Ness was killed, and Theresa Wilkinson was seriously injured.
At the point where the victims were struck by the pickup, which was within the city limits of Whitehall, the speed limit was 25 miles per hour.
Appellant, without stopping, continued on at a high rate of speed for about another seven-tenths of a mile, until he ran into a ditch and stalled.
Four to five hours after the victims were struck, a blood sample was taken from appellant Dairen James Brown. Upon laboratory analysis it was established that he had a blood alcohol content of .17 *231 (nearly twice the amount required for presumptive driving under the influence of intoxicants) and also that he was confirmed as having ingested THC Cannabinoid (marijuana).
Darren James Brown was charged with and pled guilty to the felony offenses of obstructing justice, negligent homicide and criminal endangerment.
The District Court sentenced appellant to imprisonment in the Montana State Prison for ten years on each of the offenses, the terms to run consecutively. The last ten years of the total of thirty years was suspended upon conditions.
One of the conditions imposed by the District Court and the sentencing document provided:
7. The Defendant shall pay restitution to the victims of his said offenses. However, the determination of the exact amount of such restitution, due to each victim and/or victim’s family (comprising the estate of Mona Ness and/or her husband and family, and Theresa Wilkinson and/or her husband and family) shall not be made by the Court until civil remedies have been exhausted, and the Court retains jurisdiction over the restitution issues and any [and] all issues pertinent thereto. Further, pending an ultimate determination of such restitution issues by the Court, the Adult Probation and Parole Bureau is authorized and directed to withdraw the proceeds of the Defendant’s account with the Public Employees’Retirement System, to sell the Defendant’s 1979 Trans Am, to sell all of the Defendant’s firearms (the Jennings .22 caliber weapon, the 9 mm Black semi-auto weapon, the .44 magnum Ruger revolver, the .45 caliber Smith & Wesson revolver, and the .357 magnum Ruger G.P. weapon), and to equally divide the proceeds of all such withdrawals and sales between (the estate of) Mona Ness and Theresa Wilkinson. Further, if the Defendant is a co-owner of the Jeep Cherokee vehicle utilized in the commission of his offenses, said vehicle shall also be sold and the Defendant’s equity interest in the proceeds, and/or in the proceeds from any applicable collision or other damage insurance policy, shall be equally divided between the said victims in the foregoing manner. All such distributions to victims shall be applied to the total restitution amount which is ultimately determined. The Defendant shall fully cooperate in all efforts of the Parole and Probation Bureau in regard to such sales, recoveries and distribution. Although the apparent meager assets of appellant Darren James
Brown will not in any manner presently make restitution to the *232 family of Mona Ness and to Theresa Wilkinson, nevertheless this should not be any reason why restitution should not be required insofar as possible at the present time and not twenty years from now.
I do not believe the interpretation placed upon the statutes by the majority is either necessary or practical. Certainly after the years of incarceration that the appellant is facing until he reaches the time when his ten-year period of suspension arrives, there will not be any assets then available for any payment of restitution. These assets will disappear just as surely as quick-silver will slip through the tines of a dinner fork.
■ I also disagree with the Court’s interpretation of § 46-18-243, MCA, where the Court concludes that restitution is statutorily limited to the “victim” of the crime and thereby limiting in this case the “victim” to decedent Mona Ness.
Section 46-18-241(1), MCA, provides:
Condition of restitution. (1) As provided in 46-18-201, a sentencing court may require an offender to make restitution to any victim of the offense. [Emphasis supplied.]
The record in this case discloses that one of the victims in this crime is a family member of Mona Ness who has incurred a loss by being required to pay for counseling as a result of the death of her mother. She also is a victim.
Section 46-18-201, MCA, authorizes the District Court to include reasonable restrictions or conditions upon the defendant in passing sentence, which includes restitution.
The majority of this Court is reversing, in part, the order of restitution imposed by the District Court for the reason that § 46-18-201, MCA, contains language that provides “[t]he sentencing judge may impose on the defendant any reasonable restrictions or conditions during the period of suspended sentence.” I do not agree that this language must be interpreted to require that the appellant must serve his twenty years of imprisonment before any consideration can be given to restitution. Such interpretation is not practical or reasonable.
It must further be noted that § 46-18-202, MCA, authorizes a district court, in addition to the restrictions provided for in § 46-18-201, MCA, to require that a defendant be subjected to “(e) any other limitation reasonably related to the objectives of rehabilitation and the protection of society.” '
I submit that it must be presumed that the appellant herein can be rehabilitated, and one of the most compelling and attention-obtaining means of rehabilitation is to take his wheels away from him *233 and require him to subject the small amount of assets that he has accumulated to payment of restitution to the family of Mona Ness and to Theresa Wilkinson.
I would affirm the District Court but would require that the question of restitution be remanded for an adequate evidentiary hearing establishing the amounts of claimed damages and the assets available for payment thereof together with the future prospects of payment by the appellant.
I invite the Montana legislature to revisit these statutes for the purpose of providing practical and meaningful provisions for restitution.